**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| **BRADLEY J. YOUNG** | ) | Bankruptcy No. 11-26777 JAD |
|       **Debtor** | ) | Chapter 13 |
| | ) | |
| | ) | |
| **BRADLEY J. YOUNG** | ) | |
|       **Plaintiff,** | ) | |
|       v. | ) | Adversary No. 11-2606 JAD |
| **1200 BUENA VISTA CONDOMINIUMS,** | ) | |
| **1200 BUENA VISTA UNIT OWNERS** | ) | |
| **ASSOCIATION, CITY OF PITTSBURGH,** | ) | |
| **COUNTY OF ALLEGHENY, and** | ) | |
| **PNC BANK, N.A.** | ) | |
|       **Defendants** | ) | |

**AMENDED ADVERSARY COMPLAINT TO AVOID THE LIENS OF
1200 BUENA VISTA CONDOMINIUMS AND 1200 BUENA VISTA UNIT OWNERS
ASSOCIATION, AND TO DETERMINE THE VALIDITY, PRIORITY AND EXTENT
OF LIENS AGAINST THE DEBTORS' REAL PROPERTY, AND OTHER RELIEF**

AND NOW, comes the Debtor, Bradley Young, by and through his counsel, Phillip S. Simon and files this Amend Complaint, pursuant to Sections 506 and 522 of the Bankruptcy Code, and requests the Court to avoid, or partially avoid the 1200 Buena Vista Condominiums, and 1200 Buena Vista Unit Owners Association's (collectively "Association") statutory lien and judgment lien against the Debtors' real property and residence at 1200-A Buena Vista Street, Pittsburgh, PA 15212, and to otherwise determine the validity, priority and extent of the liens on the Property, based on the following:

**Parties, Jurisdiction and Venue**

1.      The Plaintiff is Chapter 13 debtor, Bradley J. Young ("Young" or "Debtor"), who filed a Chapter 13 Petition to commence Bankruptcy Proceeding No 11-26777 JAD ("2011 Case") in this Court on November 3, 2011 ("Petition Date"). The Debtor is a Pennsylvania resident who owns and resides at real property known as and located at 1200-A Buena Vista

Street, Pittsburgh, PA 15212, which is condominium unit located in Allegheny County, Pennsylvania ("Property"). Debtor filed a previous bankruptcy proceeding in this Court at No. 09-24934 JAD ("2009 Case").

2. A Defendant in this Adversary Proceeding is 1200 Buena Vista Condominiums, who is a creditor of the Debtor with an address of c/o S. James Wallace, Esq. 707 Grant Street, 38th Floor, Pittsburgh, PA 15219. Also as Defendant is a related entity, 1200 Buena Vista Unit Owners Association, who is also a creditor of the Debtor with the same address. These Defendants are collectively referred to the "Association". The Association hold a statutory lien and a judgement lien against the Property, as set forth below.

3. Also named as a Defendant, **for notice purposes only**, is the City of Pittsburgh ("City") who address is c/o Daniel D. Regan, City Solicitor, Law Department, 313 City-County Building, 414 Grant Street, Pittsburgh, PA 15219. The City holds a real estate tax lien against the Property for approximately $1,727.99. The Debtor seeks no direct relief against the City or its lien.

4. Also named as a Defendant, **for notice purposes only**, is the County of Allegheny ("County") who address is c/o, Michel Patrick Flaherty, Controller, Courthouse, 436 Grant Street, Room 104, Pittsburgh, PA 15219. The County holds a real estate tax lien against the Property for approximately $72.00. The Debtor seeks no direct relief against the County or its lien.

5. Also named as a Defendant, **for notice purposes only**, PNC Bank, N.A. is the ("Bank") who address is 2730 Liberty Avenue, Pittsburgh, PA 15222. The Bank has filed a Proof of Claim in the 2011 Case listing an address of P.O. Box 94982, Cleveland, OH 44101. The Bank hold a mortgage lien against the Property for $21,600.90. The Debtor seeks no direct relief against the Bank or its lien.

6. Jurisdiction in this Adversary Proceeding is conferred by 28 U.S.C. §1334. Venue is proper in this judicial district under 28 U.S.C. §1409. This a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(K), (A), (B) and (O).

### The Value of Debtors' Real Property, the Liens against it and their priority

7. The Debtor acquired the Property by deed recorded on or about November 6, 1991 in the Office of Allegheny County Department of Real Estate ("Recorder") at Deed Book Volume 8599, page 13 et seq. The fair market value of the Property was $25,000.00 on the Petition Date, as listed by the Debtor in his Schedule "A". This value is evidenced by an appraisal by Leonard D. Topley, Sr, a certified appraiser, which is attached as **Exhibit "1"**.

8. The Debtor granted and delivered to the Bank a mortgage on the Property, which was recorded in the Recorder on August 5, 2002 at Mortgage Book Volume 23092, page 559 ("Mortgage"). The Bank filed a Proof of Claim in the 2011 Case asserting the principal balance on the Mortgage was $21,600.90 ("Mortgage Lien"). This Proof of Claim, which includes a copy of the Mortgage, is attached hereto as **Exhibit "2"**.

9. There are a real estate taxes owning the City on the Property, which, by law, are first lien the Property. The City filed a Proof of Claim in the 2009 Case asserting the amount owned for taxes on the Property was $1,324.28. This Proof of Claim, is attached hereto as **Exhibit "3"**. With accruing interest, fee and costs, the balance due on these taxes was $ 1,655.74 on the Petition Date ("City Taxes").

10. There are a real estate taxes owning the County on the Property, which by law are first lien the Property. The County filed a Proof of Claim in the 2009 Case asserting the amount owned for taxes on the Property was $57.59. This Proof of Claim, is attached hereto as **Exhibit "4"**. With accruing interest, fee and costs, the balance due on these taxes was $72.00 on the Petition Date ("County Taxes"). The City Taxes and the County Taxes are referred to as the Real

Estate Taxes and total approximately $1,727.74 on the Petition Date.

      10.      The Association has a lien by statute, 68 Pa.C.S..§ 3315, for any assessments levied against the unit from the time the assessment becomes due.  The Association first levied unpaid assessment against the Debtor's condominium unit, Unit "A" at a Board meeting on March 18, 2003. The Association filed an Amended  Proof of Claim in the 2009 Case asserting the amount owned for overdue assessment was **$23,548. 60** ("Statutory Lien"). A true and correct copy of a portion of this Proof of Claim, is attached hereto as **Exhibit "5"**. After a limited claims objection trial, the Court upheld this claim by Memorandum Opinion and Order dated March 4, 2010. The value of the Property or the claim's relative lien status were not at issue in the claims objection proceeding.

      11.      On June 22, 2006, the Association commenced a civil action against the Debtor for unpaid condominium assessments in the Court of Common Pleas of Allegheny County, Pennsylvania at No. AR 06-004601 ("Civil Action"). After a non jury verdict, judgement was entered on March 10, 2009 in favor of the Association and against the Debtor for $14,900.00 ("Judgement Lien").  A judgement is a lien on real property owned by the judgement debtor in the county where the judgement is rendered. 42 Pa.C.S. §4303.  A copy of the Docket in the Civil Action evidencing the Judgement, is attached hereto as **Exhibit "6"**.

      12.      The Real Estate Taxes are a first priority lien on the Property by statute. See, 53 P.S. §7102. The Mortgage is a second priority lien on Property because it was recorded (8/4/02) before the Judgement Lien (3/10/09); See, 42 Pa. C.S. §8142, and before the Statutory Lien was levied (3/18/03). See, 68 Pa.C.S. §3315(b).

### Count I - 506 Action

      13.      The foregoing paragraphs of this Complaint are incorporated herein by reference.

14. Section 506(a) of the Bankruptcy Code provides, in part:

> an allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is secured to the extent of the value of such creditor's interest in the Estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.

11U.S.C. §506(a).

15. The Debtor's Property, which had a fair market value of $25,000.00 on the Petition Date, was encumbered by, in order of priority, Real Estate Taxes liens of approximately $1,727.99, the Bank's Mortgage Lien of $21,600.90, the Statutory Lien of the Association for $23,548.60 and a Judgement Lien of the Association for $14,900.00 (although the Judgement Lien in "subsumed" within the Statutory Lien), as summarized in tabular form:

| Description | Amount | Exhibit | Date | Lien Priority | Lien/ Priority Statute |
|---|---|---|---|---|---|
| Fair Market Value | $25,000.00 | 1 | petition date | - | - |
| Real Estate Taxes | $1,727.74 | 3/4 | - | 1 | 53 P.S. §7102 |
| PNC Bank Mortgage | $21,600.90 | 2 | 8/04/02 | 2 | 42 Pa. C.S. § 8142 and 68 P.C.S.§ 3315(b) |
| Remaining Equity Available for Association Lien(s)-Association's Allowed Secured Claim | $1,671.11 | | - | | - |
| Association Statutory Lien | $23,548.60 | 5 | 3/18/03 | 3 | 42 Pa. C.S. § 8142 and 68 P.C.S.§ 3315(b) |
| Association Judgement Lien (subsumed in Association's Statutory Lien) | $14,900.00 | 6 | 3/10/09 | 4 (part of 3) | 42 Pa. C.S. § 8142 and 42 P.C.S.§ 4303 |

16. Based on Section 506 of the Bankruptcy Code and the foregoing appraisal value, liens, and their respective priority, the Debtor may partially avoid the Association's Statutory and Judgement Lien to the extent of $21,877.49. After avoidance, the Association hold an allowed secured claim against the Real Property for $1,671.11 and an allowed, non-priority, unsecured claim of $21,877.49, or more.

WHEREFORE, the Debtor, Bradley J. Young, respectfully requests the Court enter an Order determining that, pursuant to Section 506 of the Bankruptcy Code:

a. 1200 Buena Vista Condominiums, and 1200 Buena Vista Unit Owners Association (collectively "Association"), holds an allowed secured claim against the Real Property of Bradley J. Young at 1200 Buena Vista Street, Unit A, Pittsburgh, PA 15212 ("Real Property") for $1,671.11 on the Petition Date, November 3, 2011, based on the condominium assessments it levied against the Real Property ("Association's Statutory Lien" );

b. The Association also holds the same allowed secured claim against the Real Property of Bradley J. Young at 1200 Buena Vista Street, Unit A, Pittsburgh, PA 15212 ("Real Property") for $1,6711.11 on the Petition Date, November 3, 2011, arising out of a Judgement entered against Bradley J. Young for $14,900.00 in the Court of Common Pleas of Allegheny County, Pennsylvania on March 10, 2009 at AR No..06-004601 ("Association's Judgement Lien" );

c. the Association's Statutory Lien and the Association's Judgement Lien ares partially AVOIDED to the extent of $21,877.49. and it holds the an allowed unsecured claim against Bradley J. Young for the $21,877.49, or more, which represents the remainder of its claim after Association's Statutory Lien and Association's Judgement Lien are partially avoided; and

for such other and further relief as is appropriate under the circumstances.

**Count II - Section 522(f) Action to Avoid Judgement Lien, only**

17. The foregoing paragraphs of this Complaint are incorporated herein, by reference.

18. In his Schedule C filed in the 2011 Case, the Debtor claimed an exemption in the

Property under Section 522(d)(1) of the Bankruptcy Code of $3,500.00 ("Exemption Claim").  A copy of the first page of the Debtor's Schedule C is attached as **Exhibit "7"**.

19. Section 522(f) of the Bankruptcy Code provides, in part:

> ... the Debtor may avoid the fixing of a lien on an interest of the Debtor's property to the extent that this lien impairs an exemption ... if such lien is -
> (A) a judicial lien ...
>> (2)(a) ... a lien shall be considered to impair an exemption to the extent that the sum of -
>>> (i)  the lien;
>>> (ii)  all other liens of the Property; and
>>> (iii) amount of the exemption that the Debtor could claim if there were no liens on the property;
>> exceeds the value that the Debtor's interest in the property would have in the absence of the liens ...

11 U.S.C. §522(f).

20. The Judgement Lien may be completely avoided under Section 522(f) of the Bankruptcy Code because the sum of the Judgement Lien, the other liens on the Property and the amount of the exemption claim, exceeds the value of the Debtor's interest in the Property in the absence of such liens, as set forth in the tabular form:

| Avoidance of Association's Judgement Lien ||
|---|---|
| Description | Amount |
| Association Judgement Lien | $14,900.00 |
| "Other Liens" - PNC Bank and real estate tax liens | $23,328.89 |
| Debtor's Exemption Claim, (if no judgement liens) | $3,500.00 |
| Total (Liens and Exemption) | $41,728.89 |
| Fair Market Value of Property | $25,000.00 |

| | |
|---|---|
| Extent of Impairment (Total liens and exemption minus fair market value) | $16, 728.89 |
| Condo Judgement Lien minus Impairment **(if less than zero, lien completely avoided)** | ($1,828.89) |

WHEREFORE, the Debtor, Bradley J. Young, respectfully requests the Court enter an Order:

a. avoiding the judgement of 1200 Buena Vista Condominiums, and 1200 Buena Vista Unit Owners Association entered in the Court of Common Pleas of Allegheny County, Pennsylvania at AR No.06-004601 on March 10, 2009 for $14,900.00 as a lien on the Debtor's real property located at 1200 Buena Vista Street, Unit A, Allegheny County, Pittsburgh, PA 15212, Tax Parcel I.D. number 0023-N-00041-0001-0 with the Department of Real Estate of Allegheny County, because it impairs Bradley J. Young's exemption claim.

          Respectfully submitted,

          /s/   Phillip S. Simon
          Phillip S. Simon
          Pa. I.D. No. 36026

          603 Washington Road, Suite 401
          Pittsburgh, PA 15228
          (412) 440-4470
          (412) 531-0874 (fax)
          simonlink1@verizon.net

          Counsel for the Debtor, Bradley J Young

5185x014b